IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELENA ROBINSON,<br>parent and next friend of D.R., a minor<br>2620 13TH Street, NW<br>Washington, D.C. 20009<br><br>Plaintiffs,<br><br>v.<br><br>MERIDIAN P.C.S.<br>1338 Florida Avenue, NW<br>Washington, D.C. 20009<br><br>serve:<br><br>NATIONAL REGISTERED AGENTS,<br>INC., Registered Agent<br>1090 Vermont Avenue, NW, #910<br>Washington, D.C. 20005<br><br>Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW, Plaintiffs, by and through their attorneys, Tilman L. Gerald and Roxanne D. Neloms, James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court as follows:

**PRELIMINARY STATEMENT**

1. This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to carry

out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

## JURISDICTION

2. This Court has jurisdiction pursuant to:

   a. The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

   b. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiffs are a child eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, and her parent or guardian, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. The parent brings this action on behalf of the child and in her own right, and the minor Plaintiff is designated as follows:

   a. At all times relevant hereto, DeAngela Robinson was a student in Meridian Public Charter School's ("Meridian PCS") Special Education Program in the District of Columbia. On or about August 28, 2003, Plaintiffs, by and through counsel, filed a hearing request, alleging that the District of Columbia Public Schools ("DCPS") and Meridian PCS failed to reevaluate the student in a timely manner and failed to

comprehensively evaluate the student. For relief, Plaintiffs asked DCPS or Meridian PCS to fund an independent psychiatric evaluation, and convene an IEP meeting within 15 days of the receipt of the completed independent evaluation. On or about December 9, 2003, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered Meridian PCS to convene an MDT/IEP meeting by January 9, 2004 to review and revise the student's IEP, to include the disability classification of Other Health Impaired ("OHI"), and revise the IEP to provide the necessary services to address ADHD concerns. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $20,198.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $20,198.39 is still due and owing from the Defendants. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 1.

5. Meridian Public Charter School is its own Local Education Agency ("LEA").

**FACTUAL ALLEGATIONS**

6. On or about November 16, 2000 and October 6, 2004, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to the Defendant.

7. That Defendant has refused and failed to pay Plaintiffs' Attorney Fee Applications without reason.

8. That Defendant refuses to make full reimbursement of Plaintiffs'

reasonable attorneys' fees and costs.

9.   That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

10.  That, in accordance with the law, Plaintiffs herein are prevailing parties.

11.  That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendant, may recover "reasonable" attorneys' fees.

12.  That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

13.  That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

14.  That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendant.

15.  That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

16. That in all instances herein, the Defendant's refusal to pay and/or denial of Plaintiff's Attorney Fee Applications is arbitrary, capricious and without a basis in law or fact.

17. That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

18. That Defendant has summarily refused to pay Plaintiffs' fee application for all costs associated with her case.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1. Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for reasonable attorneys' fees.

2. Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Costs.

3. Award to Plaintiffs pre-judgment interest on each award.

4. Award to Plaintiffs attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5. Award such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald. [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
**Attorneys for Plaintiffs**