UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELENA ROBINSON<br>parent and next friend of D.R., a minor<br>2620 13th Street, NW<br>Washington, D.C. 20009<br><br>            **Plaintiffs**<br>     v.<br><br>**MERIDIAN P.C.S.**<br>1338 Florida Avenue, NW<br>Washington, D.C. 20009<br><br>            **Defendant**<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:06CV01456<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MERIDIAN'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW, defendant Meridian Public Charter School, through counsel, and respectfully requests this Court to dismiss the complaint filed by the plaintiff for failure to state a claim for which relief can be granted or, in the alternative, to enter summary judgment in favor of Meridian.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

**/s/ Paul S. Dalton**
Paul S. Dalton, Esq. [439118]
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SELENA ROBINSON** )<br>**parent and next friend of D.R., a minor** )<br>**2620 13th Street, NW** )<br>**Washington, D.C. 20009** )<br>)<br>     **Plaintiffs** )<br>**v.** )<br>)<br>**MERIDIAN P.C.S.** )<br>**1338 Florida Avenue, NW** )<br>**Washington, D.C. 20009** )<br>)<br>     **Defendant** )<br>_____ ) | Case No: 1:06CV01456 |

**DEFENDANT MERIDIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Meridian files this Memorandum in Support of the foregoing Motion pursuant to LcvR 7.1(a).

**<u>PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE<br>TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.</u>**

This case is brought by the Plaintiff pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.* According to section 1415(i)(3)(B) the District Court may award reasonable attorneys' fees to a prevailing party of an administrative hearing.

**1. Meridian is not Liable for the Fees Claimed**

Plaintiff is requesting fees in connection with a Due Process Hearing held on December 9, 2003. The request for that hearing was filed on August 28, 2003, and the complaint was made against both Meridian PCS and DCPS. It is unclear why the entire invoice was submitted to Meridian PCS and not DCPS. Furthermore, the invoice

submitted to Meridian PCS dates all the way back to April 1, 2002, more than a year before the request for hearing was even filed. Plaintiff's Exhibit 1 includes hearing requests dating back to December 26, 2001, but these previous complaints were all filed solely against DCPS, not Meridian PCS. Meridian PCS, therefore should not be held liable for fees incurred in connection with those previous cases.

**2.    Plaintiff was not the Prevailing Party**

In its Due Process Hearing Request notice, dated August 28, 2003, the Plaintiff requested the hearing officer grant relief in the form of ordering Meridian PCS to fund an independent psychiatric evaluation, and any other evaluations deemed necessary, and convene an IEP meeting within 15 days of the receipt of the completed independent evaluation(s). The hearing officer took note that "the purpose of the psychiatric evaluation was to determine if the student had ADHD and could be classified as OHI." See Plaintiff's Exhibit 1, HOD at 3. Meridian PCS, as its own LEA, has a policy, unlike DCPS, that it does not need a psychiatric evaluation to classify the student as OHI, and was willing to amend the IEP to include OHI without the evaluation. The hearing officer himself stated, "[i]t is not necessary to subject the student to yet another evaluation when the LEA is willing to meet the student's ADHD needs." See Plaintiff's Exhibit 1, HOD at 3. Meridian PCS offered counsel for the parent four days from January 5-9, 2004 to convene an MDT meeting to review and revise the student's IEP. The Hearing Officer simply solidified this offer by ordering Meridian PCS to convene an MDT/IEP meeting by January 9, 2004. The meeting was subsequently

held and the IEP was revised. The order, therefore, was superfluous, as it was in line with the policy and actions of Meridian PCS.

In its complaint, Plaintiff cites *Farrar v. Hobby*, 506 U.S. 103 (1992) to support its contention that it attained prevailing party status. The Plaintiff, however, overlooked a key provision of the court's opinion. The court did say, as cited by the Plaintiff, that a party prevails if resolution of the dispute causes "material alteration of the legal relationship between the parties" and the plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *See* Complaint at 4, citing *Farrar,* 506 U.S. at 111. However, the court went on to clarify its position by stating, "[i]n short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar,* 506 U.S. at 111. Since the HOD did not modify Meridian's behavior, but instead endorsed its planned course of action, the Plaintiff was not the prevailing party.

**3.    The Fees Requested are not Reasonable**

Plaintiffs who prevail under the IDEIA in an administrative proceeding or in a court action against the Defendant, may recover reasonable attorneys' fees. The amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. 1415(i)(3)(C). Regardless of the rate, however, the court must also determine if the plaintiffs expended a reasonable number of hours. In this case, the hours claimed are clearly excessive.

3

The invoice submitted by the Plaintiff clearly includes time spent preparing for hearings not at issue in this case.  According to the invoice, work on the case at issue appears to have started on or about June 17, 2003, when an MDT/IEP meeting was held at Meridian PCS.  *See* Plaintiff's Exhibit 1, Invoice at 6.  Even if the court looks at the time spent on this case starting on this date, however, it will still see that the number of hours spent were excessive.  This was not a complicated case, especially in light of the fact that Meridian PCS was offering to provide the relief that Plaintiff was seeking in asking for the psychiatric evaluation.  The only remedy granted at hearing was that which Meridian PCS was already offering.  As such, Plaintiff's time spent preparing for the hearing was excessive and unnecessary.

Based on the above, the Defendant, Meridian PCS, respectfully requests the court dismiss the complaint in its entirety or, in the alternative, require the Plaintiff to justify the reasonableness of the fees.

Respectfully submitted,

**/s/ Paul S. Dalton**

Paul S. Dalton, Esq. [439118]
Dalton, Dalton, &  Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant