## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SELINA ROBINSON**, <br> **Parent and Next of Friend of D.R., a minor** <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br><br> **MERIDIAN P.C.S.** <br><br> **Defendant**. | )<br>)<br>)<br>) **Civil Action No. 06-1456 (RCL)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## SUBMITTED IN SUPPORT OF THE PLAINTIFFS'
## OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, by and through their attorneys, Tilman L. Gerald and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of the Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment, respectfully represent unto this Honorable Court as follows:

### INTRODUCTION

In the instant matter, Plaintiffs are seeking reimbursement of reasonable attorneys' fees pursuant to the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA). Plaintiffs are seeking reimbursement of reasonable attorneys' fees in above-referenced matter because they were successful at the administrative level in securing some or all the relief requested in their August 28, 2003 Hearing Request,

thereby conferring "prevailing party status" upon them pursuant to 20 U.S.C. 1415.

On January 5, 2004 and again on October 6, 2004, Plaintiffs through counsel submitted an invoice to the Defendant requesting reimbursement of reasonable attorneys' fees. To date, the Defendant has neither reimbursed the Plaintiffs the reasonable attorneys' fees as requested nor provided Plaintiffs with a reasonable explanation or basis for its failure to remit payment within a reasonable time after receipt of the referenced invoices. In light of the failure of the Defendant to reimburse the reasonable attorneys' fees in a timely manner and its continued failure to provided a suitable explanation, Plaintiffs could reasonably infer that the Defendant had denied the Plaintiffs' request for reimbursement.

In its papers, the Defendant has alleged that it is not the party liable for the attorneys' fees claimed, that the Plaintiffs are not prevailing parties, and that the fees requested are not reasonable. For the following stated reasons and arguments, Plaintiffs respectfully request this Honorable Court to deny the Defendant's Motion to Dismiss the Complaint or in the Alternative, its Motion for Summary Judgment.

## I. STANDARD OF REVIEW

### A.    *Motion to Dismiss*

A Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs will demonstrate in no uncertain terms

that they have stated a claim upon which relief may be granted.

### B. *Motion for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the pleadings and the evidence demonstrate that " . . . there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists . . . " The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The party seeking summary judgment may successfully support its motion by informing the district court of the basis of its motion and identifying those portions of the record including the pleadings, depositions, answers to interrogatories, as well as admissions on file together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.  Fed.R.Civ.P. 56(c).

There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).   Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

"Summary judgment is appropriate if the non-movant fails to offer evidence on which the jury could find for the [non-movant]." See *Holbrook v. Reno,* 196 F.3d 255, 259-60(D.C. Cir. 1999); see also *Anderson, supra.,* at 249-50.

Once a proper summary judgment motion is filed, the burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED.R.CIV. P. 56(e); *Anderson*, 477 U.S. at 250. The non-moving party, to establish that a genuine issue for trial exists, must do more than simply show there is some ephemeral doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. In this matter the Defendant failed to submit a statement of material facts as to which there is no dispute. In addition, the Defendant failed to allege any facts that would support a motion for summary judgment. Thus, the Honorable Court must deny the Defendant's Motion for Summary Judgment.

## II.  ARGUMENT

### A.    MERIDIAN PUBLIC CHARTER SCHOOL IS SOLELY LIABLE FOR THE REIMBURSING PLAINTIFFS' THE REASONABLE ATTORNEY FEES CLAIMED IN THIS MATTER

The Defendant argues that Meridian Public Charter School is absolved from reimbursing the Plaintiffs for reasonable attorneys' fees because the Plaintiffs filed their August 28, 2003 Administrative Due Process Hearing Request against both the Defendant and the District of Columbia Public Charter School.  The Defendant claims that it is unclear as to why the Plaintiffs sought reasonable attorney fees only against it. In this case it is undisputed that at all times pertinent hereto, Plaintiff's child, D.R., attended Meridian PCS.  Additionally, the Defendant does not dispute that it serves as its

own LEA, and as such is " . . . individually responsible for providing the free and

appropriate education that is mandated by the IDEIA . . . " *See Hyde Leadership Public*

*Charter School v. Lewis*, Memorandum Opinion and Order, Civil Action No. 05-

0487(RJL), citing *Friendship Edison Public Charter School Chamberlain Campus v.*

*Smith* 429 F.Supp.2d 195 (RCL)(D.D.C. 2006), *Hyde Leadership Public Charter School*

*v. Clark*, 424 F. Supp.2d 58 (JR)(D.D.C. 2006), and *Idea Public Charter School v.*

*Belton*, Civ. A. No. 05-467, WL667072(RMC)(D.D.C. Mar. 15, 2006). Therefore, since

the Defendant served as its own Local Education Agency during the relevant period of

time, it is considered to be an independent entity under IDEIA.  See *Belton, supra.*

Thusly, under existing statutory authority and recent case law, the Defendant, as a local

education charter school, is solely responsible for the reimbursement of reasonable

attorneys' fees incurred by Plaintiffs in this matter.

**B.    PLAINTIFFS ARE THE PREVAILING PARTIES**

Plaintiffs are prevailing parties as defined by the Court *Select Milk Producers, Inc.*

*v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are

entitled to reimbursement for reasonable attorney fees).  Accordingly, this Honorable Court

has the authority, pursuant to 20 U.S.C. §1415(i)(3)[1] of the IDEIA, to award those fees.

Under the IDEIA, parents who prevail at the administrative level in securing special

education services and benefits for their children are entitled to seek reimbursement of

reasonable attorneys' fees.  The right to reimbursement of reasonable attorneys' fees is a well

---

[1]20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

settled principle in special education law.  In *Moore v. District of Columbia*, 907 F.2d 165

(1990), the Court of Appeals for the District of Columbia,  in interpreting the former

controlling statutes, the Education of the Handicapped Act ("EHA") and the Handicapped

Children's Protection Act ("HCPA") allowing an independent cause of action for attorneys'

fees, held that the courts may award parents attorney fees upon prevailing in administrative

matters.  See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court

outlined the prongs that a party must satisfy to achieve "prevailing party"status and while

noting that prevailing party status may be obtained through litigation on the merits, the Court

also indicated that settlement agreements enforced through consent decrees may also serve

as a basis for an award of attorneys' fees. Judge Edwards, in *Select Milk*, agreed with the

three-prong test set forth in *Buckhannon*, which states that "1) in order to be a prevailing

party, a claimant must show that there has been a court-ordered change in the legal

relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a

judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not

a prevailing party merely by virtue of having acquired a judicial pronouncement

unaccompanied by judicial relief."  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d

939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc.  v. West Virginia*

*Department of Health & Human Resources*, 532 U.S. 598 (2001).

Applied to the facts of this case, it is very clear that "prevailing party status" is aptly

conferred upon the Plaintiffs.  To wit, in their hearing request filed on August 28, 2003,

Plaintiffs, in summary, alleged that the Defendant failed to provide a psychiatric evaluation

that the Multi-Disciplinary Team determined was necessary at an IEP meeting held on June

17, 2003. The relief Plaintiffs requested included funding for an independent pyschiatric

evaluation, and the convening of an IEP meeting. This matter was not resolved prior to the

Administrative Hearing held on December 9, 2003, slightly less than three(3) months after

Hearing request was filed by the Plaintiffs. The Administrative Due Process Hearing was

held on December 9, 2003 and the Hearing Officer Determination was issued three days

later on December 12, 2003.

In the Hearing Officer's Determination, the Hearing Officer noted that the issue

that was presented for resolution was " . . . Did the LEA, Meridian PCS, deny a Free and

Public Appropriate Education (FAPE) to the student by not providing a psychiatric

evaluation to determine if the student has Attention Deficit Hyperactivity

Disorder(ADHD)?..." The Hearing Officer, in his Finding of Facts, noted, inter alia, that

the June 17, 2003, MDT Meeting Notes provided as follows: "...Teacher has a major

concern re: focusing even when working one on one . . . She is distracted . . . Mom signed

consent to evaluate for psychiatric. The team determined that it would be more

comprehensive than a clinical . . . "(See Hearing Officer's Determination, at page 3). The

Hearing Officer also found that the Defendant had not performed the psychiatric

evaluation but that the Defendant " . . . agrees to classify the student with the additional

disability of OHI and provide the student with the support services and modification in

the IEP to address any OHI needs . . . "

Quite clearly then, prior to the December 9, 2003 hearing, the Defendant had not

manifested a desire or an intent to comply with the directives set forth in the student's

IEP which was completed on June 17, 2003. Moreover, the argument put forth by the

Defendant that the Hearing Officer's Determination serves an endorsement of its behavior

is hollow, without merit, and is unsupported by either fact and/or logic. Specifically, the

Hearing Officer's Determination contains a damaging admission against the interest of

the Defendant when he made the finding that the Defendant had not performed the

psychiatric evaluation by the time of the hearing, yet the Defendant voluntarily agreed to

classify D.R. with an additional disability and to provide the support services she needed.

The foregoing represented a dramatic if not drastic alteration in the legal relationships of

the parties that did not previously exist. The Defendant was required to provide not only

the special education services and benefits of a student with a specific learning disability,

but then had posited upon it by the Hearing Officer's Determination a newly acquired

duty and responsibility of providing additional services to support the special educational

needs of D.R. for the disability of Other Health Impaired.

　　　Defendant's argument that its behavior was not modified with respect to D.R. is

illusory born of a vain imagination that rebels against reality. Further, the Defendant's

argument that the Plaintiffs are not prevailing parties under *Hobby V. Farrar,* 506 U.S.

103 (1992) is plainly misplaced. The gravamen of its argument apparently is that the

Plaintiffs must not only demonstrate a material alteration in the legal relationship of the

parties, but that plaintiffs must also demonstrate that they benefitted directly from the

change in the relationship. In this instance, Plaintiffs sought the psychiatric evaluation

that was determined by D.R.'s MDT team to be of material benefit to her and would

address areas of concern discerned by her teacher(s) at Meridian to be a somewhat

insurmountable stumbling block to her education if not addressed in a timely manner.

However, by agreeing to classify D.R. with the additional disability and agreeing to provide the support services commensurate with that disability, the Defendant placed D.R. in the similar or the same position she would have been in had the pyschiatric evaluation been performed, thereby receiving a direct benefit from the alteration in the legal relationship of the parties.  Meridian was ordered to convene an MDT/IEP meeting to "review and revise" the student's IEP to include the disability classification of OHI and to revise the IEP to provide the necessary services to address ADHD concerns.  The Defendant can not in good faith deny that the foregoing was a direct benefit realized by D.R. from the legally altered relationship.  The Defendant's argument that the Plaintiffs' were not prevailing parties is woefully defective and inherently specious.

With regard to the Defendant's argument that the attorneys' fees claimed by the Plaintiffs' are unreasonable, is similarly deficient and Plaintiffs' would respectfully request that this Honorable Court permit them to reserve the right to present argument with respect to the reasonableness of the requested fees at the appropriate time.  The Defendant's tirade attacking the validity of the invoice by saying that the hours expended were excessive is wholly without merit.

### III.    CONCLUSION

Therefore, for the above reasons and such other argument as may be made upon hearing, if any, the Plaintiffs respectfully request that this Honorable Court enter an Order denying the Defendant's Motion to Dismiss, or the Alternative, Motion for Summary Judgment in its entirety.

Respectfully Submitted,


_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiff***