## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SELENA ROBINSON** ) | |
| **parent and next friend of D.R., a minor** ) | |
| **2620 13th Street, NW** ) | |
| **Washington, D.C. 20009** ) | |
| ) | |
| **Plaintiffs** ) | |
| **v.** ) | |
| ) | |
| **MERIDIAN P.C.S.** ) | **Case No: 1:06CV01456** |
| **1338 Florida Avenue, NW** ) | |
| **Washington, D.C. 20009** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

### DEFENDANT MERIDIAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Meridian Public Charter School, through counsel, hereby replies to Plaintiff's Opposition to Defendant's Motion to Dismiss.  In that Opposition, Plaintiff fails to prove that she stated a claim for which relief can be granted.

### MERIDIAN IS NOT LIABLE FOR THE FEES CLAIMED BY THE PLAINTIFF

In its opposition, Plaintiff cites several recent cases to support its contention that Meridian is solely liable for the fees claimed by the Plaintiff.  Plaintiff appears to be confusing the issue, as these cases address a different matter than in this case.[1]  In those cases, the Court held that charter schools that elect to act as their own LEA are independently responsible for complying with IDEA by providing a FAPE for all students.  As a result, plaintiffs may seek relief under IDEA directly from the charter

---

[1] Counsel for Meridian also represents the charter schools involved in the cited cases, and therefore is very familiar with the Court's reasoning.

school, without involving the District as a party.  In this case, however, the Plaintiff included the District as a party.  In doing so, the Plaintiff acknowledged some responsibility on the part of the District towards the student.  It is confusing, therefore, as to why Plaintiff is attempting to hold Meridian liable for all of the fees.

Furthermore, Plaintiff failed to address Meridian's argument that Plaintiff's invoice dates back to previous matters filed solely against DCPS, without including Meridian as a party.  The only complaint made against Meridian was dated August 28, 2003, and the hearing for that complaint was held on December 9, 2003.  Plaintiff's invoice, however, dates all the way back to April 1, 2002, more than a year before the request for hearing was even filed.  Plaintiff had filed other complaints on behalf of this student in the past, but all of those complaints were filed solely against DCPS.  Clearly, Meridian cannot be held liable for any portion of the fees incurred in connection with those previous cases.

## PLAINTIFF WAS NOT THE PREVAILING PARTY

In its Opposition, Plaintiff is correct in asserting that, under IDEA, parents of a child with a disability who prevail at the administrative level have the right to reimbursement of reasonable attorney's fees.  Plaintiff errs, however, in maintaining that it had achieved prevailing party status in the hearing on December 9, 2003.  According to *Buckannon*,[2]

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.  Our precedents thus counsel against holding that the term "prevailing party" authorizes an

_____

[2] 532 U.S. 598, 605 (2001).

2

award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

Therefore, in order to be considered a prevailing party, the complaint must effect an alteration in the legal relationship of the parties, which did not happen in this case.

In this case, the Plaintiff was requesting the funding for an independent psychiatric evaluation, and the convening of an MDT meeting. The purpose of the evaluation was to determine if the child had Attention Deficit Hyperactivity Disorder ("ADHD"), and therefore could qualify for special education services as Other Health Impaired ("OHI"). It is the policy of DCPS to require a psychiatric evaluation to determine if a child with ADHD qualifies as OHI. This, however, is not the policy of Meridian. Instead, Meridian was willing to amend the IEP to include OHI without first putting the student through another evaluation.

While Plaintiff concludes that Meridian's contention that the hearing officer endorsed this policy "is unsupported by either fact and/or logic," the hearing officer himself stated "[i]t is not necessary to subject the student to yet another evaluation when the LEA is willing to meet the student's ADHD needs." *See* Plaintiff's Opposition at 8; Hearing Officer's Determination ("HOD") at 3. Furthermore, Plaintiff's argument that the HOD contained "a damaging admission against the interest of the Defendant" by finding that Meridian had not performed the psychiatric evaluation but still agreed to classify the student as OHI is simply off the mark. *See* Plaintiff's Opposition at 8. Meridian has made it clear that it is not its policy to require a psychiatric evaluation to classify a student as OHI. It is baffling as to why Plaintiff considers the hearing officer acknowledging this policy as a damaging admission against Meridian's interest.

3

The Plaintiff states in its Opposition that Meridian's argument that its behavior was not modified with respect to this student is "illusory born of a vain imagination that rebels against reality". *See* Plaintiff's Opposition at 8. Despite this scathing language, however, Plaintiff fails to support its opinion, or show how Meridian's behavior was in fact modified or how the relationship of the parties changed. Plaintiff argues that by agreeing to classify the student as OHI and provide the appropriate services, Meridian placed the student in the similar or same position as she would have been in had the evaluation been performed, and thus she received a direct benefit from the alteration in the legal relationship of the parties. This conclusion, however, presupposes that there was a change in legal relationship. Meridian is not denying that the student benefitted by its decision to classify her as OHI without an evaluation, but this benefit was not borne of some change in the relationship of the parties. Meridian had been willing to make this classification before the hearing even took place.

## THE FEES REQUESTED ARE NOT REASONABLE

The Plaintiff's Opposition concludes with a single paragraph addressing the reasonableness of the fees. Rather than address the reasons Meridian listed in its Motion to Dismiss for asserting that the fees were unreasonable, Plaintiff simply shrugs off the claim as a deficient and wholly without merit tirade. *See* Plaintiff's Opposition at 9. Without further explanation from the Plaintiff, Meridian need not expand upon its position further.

4

Based on the above, the Defendant, Meridian PCS, respectfully requests the court dismiss the complaint in its entirety or, in the alternative, require the Plaintiff to justify the reasonableness of the fees.

Respectfully submitted,

**/s/ Paul S. Dalton**
Paul S. Dalton, Esq. [439118]
Dalton, Dalton, &  Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant