UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SELENA ROBINSON,** <br> **Parent and Next Friend of D.R., a minor** <br><br> **Plaintiffs,** <br><br> v. <br><br> **MERIDIAN, P.C.S.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 06-1456 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM & ORDER**

Before the Court is defendant, Meridian P.C.S.'s motion to dismiss [3] or, in the alternative, for summary judgment [4] on plaintiff, Selena Robinson's complaint for attorney fees under the Individuals with Disabilities Improvement Act of 2004 (IDEIA). Upon consideration of the motion, the papers in support, opposition, and reply thereto, the applicable law and the record herein, the motion is GRANTED.

**I. Factual Background**

Plaintiff Robinson has filed a complaint to recover attorney fees associated with the costs of filing a hearing request to compel Meridian Public Charter Schools to reevaluate the disability status of D.R., a minor in the school's special education program. D.R. was a student enrolled in the Meridian Public Charter School's Special Education Program on account of her educational disability (attention deficit hyperactivity disorder). Complaint at 2. On August 28, 2003, plaintiffs filed an administrative request to compel Meridian or D.C. Public Schools to fund an independent psychiatric evaluation, and convene an IEP meeting within 15 days of the

evaluation. Complaint at 3. At some time before the hearing, Meridian chose to simply designate D.R. as still disabled, forgoing the evaluation process. Meridian then met with Robinson during January 5-9, 2003 to review and revise the student's individualized education program (IEP). Defendant's Motion at 2. Meridian provided Robinson with counsel for this period. Then on January 9, the day of the hearing, Meridian notified the Hearing Officer that it had independently decided to continue D.R.'s OHI status and thus a psychiatric evaluation was no longer necessary. *Id*. The hearing officer agreed, noting that there was no reason to put the child through another evaluation, and this was in her best interests. Plaintiff's Exhibit 1, HOD at 3. Plaintiffs seek costs associated with this administrative hearing.

## II. Standard of Review

Under the Individuals with Disabilities Education Improvement Act (IDEIA), a child shall not be denied access to a free appropriate public education (FAPE) on account of his or her disability. 20 U.S.C. § 1400 (d)(1)(A). If a child has been found to be denied a FAPE, the child's educational capacities are evaluated in order to develop an individualized education program (IEP) that will allow him to be educated in ways tailored to his needs. 20 U.S.C. § 1414(a)(2)(A). If the evaluation results in a classification or program unacceptable to the parent, he or she may challenge it in an impartial due process hearing before an administrative hearing officer. 20 U.S.C. § 1415(f)(1). The court may also award "reasonable attorneys' fees" to parties who prevail in an administrative hearing under §1415(i)(3)(C).

In order to obtain attorney fees under §1415, the plaintiff must show that he was the prevailing party in securing special educational services for his child. The "prevailing party" status is determined by a three-prong test, first, that there was a "court-ordered change in the

legal relationship between the plaintiff and the defendant, second, that the judgment was rendered in the claimant's favor, and third, that the claimant was not a prevailing party merely by virtue of having acquired a judicial pronouncement rather than judicial relief. *Buckhannon Bd. & Care Home, Inc. v. W. V. Dept. Of Health & Human Res.*, 532 U.S. 598 (2001).  This approach to defining prevailing parties under IDEIA has been endorsed by this court despite the silence of such definition in the statute. *See*, *T.S. ex rel. Skrine v. D.C.*, Civ. No. 05-86, slip op. at 3 (D.D.C. March 27, 2007); *Abraham v. D.C.*, 338 F.Supp.2d 113 (D.D.C. 2004).

If from the facts gathered from the pleadings and any evidence attached to the complaint the court finds that no reasonable juror could find for the plaintiff, the court must enter summary judgment for the defendant. *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) states that summary judgment is appropriate if "...there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law..." Fed. R. Civ. Proc. 56(c).  In considering the facts alleged in the pleadings and relevant evidence attached thereto, no reasonable juror could award plaintiff attorneys' fees because plaintiffs never obtained prevailing party status.  Meridian voluntarily renewed D.R.'s disability classification thus circumventing an order compelling them to do so.

### III. Plaintiff was Not a Prevailing Party

From the allegations of the complaint, the hearing officer did not order Meridian to conduct a psychiatric reevaluation of D.R.  In fact, Meridian decided to renew D.R's disability classification by its own independent determination.  Plaintiff even notes that Meridian "...agree[d] to classify the student with the additional disability of OHI [other health impaired] and provide the student with the support services and modification in the IEP to address any OHI

needs..." If Meridian had in fact chosen to refuse to classify the student as OHI, and subsequently the hearing officer ordered Meridian to conduct the evaluation, this would constitute a change in the legal status between the parties. However, this is not the situation here. Even though plaintiff states that Meridian had not expressed an intent to perform a psychiatric evaluation prior to the hearing, this does not necessarily mean that while at the hearing, defendant could come forward and agree to classify the student as OHI. The court should not punish parties' independent conduct that supports an equitable resolution of the dispute at hand. In *Buckhannon*, the court stated, "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" 532 U.S. 598, 605 (2001). Similarly, there was no court-ordered change in legal status in this case, because there was no need to "order" Meridian to comply with its own decision. Thus, there was no "modif[ication] of the defendant's behavior" *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Under no set of facts can the plaintiff obtain attorney fees for a favorable decision made by Meridian and not ordered by a court.

### IV. Reasonableness of Fees Requested

Because the court finds that there is no basis for an award of attorney fees, there is no such need to evaluate the reasonableness of plaintiffs' request for $20,198.39 in costs.

### V. Summary

Plaintiffs' action should go forward no longer because under the applicable law, it would be impossible for them to prevail given the facts alleged. The decision by Meridian to continue D.R.'s disability status was not a court-ordered decree, and further, the plaintiffs only asked the HO to grant them a reevaluation meeting. Thus, plaintiffs' prevailing party classification fails

4

under the first prong of the *Buckhannon* test; there was no court-ordered change in the legal relationship between the plaintiff and defendant.

    For the foregoing reasons, defendant's Motion is GRANTED.

    This case shall be DISMISSED WITH PREJUDICE.

    SO ORDERED.

    Signed by United States District Judge Royce C. Lamberth, June 5, 2007.